CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
The Farmers Bank recovered a judgment against S. C. & J. C. Sayers and J. M. Collins, in the Kenton Circuit Court, for $1,502, with interest and costs. It sued out execution, and the sheriff levied on thirty-five acres of land, as the property of S. C. Sayers. Sale was made of the land, and the bank became the purchaser of the entire tract for the full amount of its judgment, and the sheriff returned the execution indorsed, in effect, satisfied in full.
Prior to the sheriff’s sale, one of Sayers’s creditors instituted an action in equity in the Kenton Chancery Court, under the provisions of the act of March 10,1856, to prevent fraudulent assignments and conveyances, and alleged that a mortgage, executed and delivered anterior to the accrual of the bank’s execution lien, was made in contemplation of insolvency, and to prefer one or more of the mortgagor’s creditors to the exclusion of others.
After its purchase, the bank, on its own motion, was made a party to this action. It made its answer a cross-petition against Collins and the other judgment defendants. It asked the court, in case it should hold the thirty-five acres,of land purchased as aforesaid, subject to the claims of Sayers’s general creditors, then that it should be allowed to share pro rata in the distribution of the proceeds of Sayers’s estate, as though no sale had been made; and that, as to the judgment debtors, the sheriff’s return be canceled, and it be remanded to all its original rights under its judgment against them. This last relief the chancellor refused, on the ground that the jurisdic *141 tion to afford it was in the circuit court; and of this the bank complains.
Courts of equity have always relieved the judgment debtor against execution sales when tinctured with fraud, or unconseientiously oppressive. This is done, not by setting aside the .sale or canceling the return of the sheriff, but by treating the purchaser as holding the title in trust, and compelling him to re-convey upon the performance of such equitable conditions h>y the judgment defendant as the chancellor may find it proper -to impose. But we are aware of no case in which a court of chancery has undertaken to cancel, or correct, or in any way modify the records of a common-law court, in order to enable .a judgment creditor to enforce his common-law judgment.
The dockets of the two courts are, in law, separate and distinct, even when they are presided over by the same judge, ■and the writs issued by each, and the acts of the ministerial •officers under them, must be set aside or annulled by the court from which they issued. For the purposes of the equity action the chancellor may decline to treat the sheriff's sale as a satisfaction of the judgment; but if the bank desires to be relieved against its effects as to its remedy at law, that relief must be had, if at all, in the circuit court.
This conclusion obviates the necessity of considering the remaining questions presented in the argument of the counsel.
Judgment affirmed.