CASE 57—EQUITY—JUNE 6, 1882.

# Commonwealth v. Cain, &c.
## Same v. Same.
## Same v. Same.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

1. The Louisville chancery court has no jurisdiction to supervise or cor-
   rect a settlement made under the statute by the trustee of the jury
   fund for the Jefferson circuit court.

2. Such a settlement approved by the Jefferson circuit court is a judicial
   proceeding, and is a judgment.

3. A proceeding to surcharge or correct such settlement must be had in
   the court where it was made.

P. W. HARDIN, ATTORNEY GENERAL, AND D. M. RODMAN FOR
APPELLANT.

No brief for appellant.

BARNETT & NOBLE, BARRET & BROWN, BIJUR & DAVIE
AND WM. LINDSAY FOR APPELLEE.

1. The Louisville chancery court has no jurisdiction to set aside or vacate
   the judgments of the Jefferson circuit court.

2. The settlement made by appellee as trustee of the jury fund for the circuit court is, when approved by the court, final, contains all the elements of a judgment, and can only be attacked in that court. (Commonwealth v. Cain, MS. Opin., 1878; Same v. Same, MS. Opin., 1880; Farmers' Bank of Ky. v. Collins, 13 Bush, 138; Gen. Stat., chap. 62, art. 6, secs. 10 and 11; Civil Code, sec. 513; Grigsby v. Barr, 14 Bush, 339; Gen. Stat., 507, secs. 13 and 14; Myers' Supp., 570.)

3. Fraud is not averred, only a legal conclusion therefrom. (Brunk v. Means, 11 B. Mon., 219.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was a proceeding by the chancellor to correct a settlement made by the trustee of the jury fund in the Jefferson circuit court.

After a careful examination of these records, we deem it necessary to decide only one of the various questions raised by counsel on either side, and that is, the question of jurisdiction.

If the court below had no jurisdiction of the subject-matter involved, it must result in an affirmance of the judgment below. The three cases will be considered together. A similar question has been determined by this court in a case between the Commonwealth and Cain, where the Commonwealth was seeking to recover something more than the balance found due on settlement by Cain as trustee of the jury fund. The settlement in that case had been approved by the judge and the attorney for the Commonwealth, as is required by the statute. Each circuit court has its jury fund commissioner, and that court is expressly given jurisdiction to settle or approve a settlement of his accounts, and no other tribunal is invested with this power.

The statute directs the mode of settlement, and no other court of like jurisdiction can usurp the jurisdiction of the particular court in which that settlement has been made,

320          KENTUCKY REPORTS.  [VOL. LXXX.

Commonwealth v. Cain, &c.   Same v. Same.   Same v. Same.

although error may exist. The proper remedy is by an appeal or a proceeding in the court making the settlement, for the purpose of surcharging or correcting the error.

While it may not have been necessary to determine this identical question in the MS. opinion referred to, yet the court in that case said: "The order approving a settlement with the trustee of the jury fund must be judicial in its nature and character, or the court has no power to make it, and when made it can only be revised in a judicial manner by a judicial tribunal, and cannot be revised by another court of only coördinate powers and jurisdiction, or by an officer of the executive department of the government."

This, it seems to us, is a correct rule, for otherwise it would, in effect, be an appeal from the action of the circuit court to the chancellor. What constituted an illegal charge or fee-bill in the opinion of one judge might be regarded as a legal charge by the other.

There is no pretense that the circuit judge or attorney failed to examine the fees allowed, and the account shows why the fees were charged, or rather, the character of services for which the charge was made, and the circuit court, if the fee is illegal, evidently overlooked that fact; but whether so or not, it would necessarily present in all such cases, if the chancellor should entertain jurisdiction, conflicting judgments between courts of the same jurisdiction in reference to the same matter. The jurisdiction is given the circuit judge and his attorney to settle with the trustee of the jury fund in each court in which they act or preside, and there is no reason for or rule of law that will permit this right, conferred specially by statute, to be transferred to some other tribunal. A similar question was also determined by this court in the year 1880 affecting, no doubt, the identical

causes of complaint now made, in which this court said:
"It is not an *ex parte* settlement, and the court below hav-
ing passed on the appellee's right to *commission*, it can only
be subject to revision by this court on an appeal, or set aside
by the court below on a proper proceeding on grounds filed.
The settlement was approved by the court, which is, in
effect, a confirmation of it, and being purely judicial, and
decided adversely to the Commonwealth, the remedy, by
rule or an original action, cannot prevail when the only
ground relied on is that the court below erred in making
the allowance."

So of the fees allowed Cain in this case.   If it was error,
the remedy is by an appeal, and if grounds exist for modi-
fying or vacating the judgments in either of these cases, or
of surcharging the settlement, it can only be done in the
court where the judgment was rendered and the settlement
had, and this is the more conclusive when the statute has
conferred by *special* provision that power on the court in
which the trustee of the jury fund is required to settle.   By
section 10 of the General Statutes, chapter 62, "the trus-
tee of the jury fund shall settle his accounts, under the
supervision of the attorney for the Commonwealth, at the
close of each term of the circuit or criminal court."   And
it is further provided, "the settlement shall exhibit the
state and condition of the fund, which, when attested by
the attorney for the Commonwealth, and examined and
approved by the court, shall be recorded by the clerk in a
book to be provided and kept for that purpose, and a copy
transmitted to the auditor."

In two MS. opinions this court has determined that this
settlement, when reported and attested by the attorney for

·the Commonwealth, and examined and approved by the ·court, was purely judicial. It is in the nature of a judg-·ment, and section 318 of the Code provides: "The court in which a judgment has been rendered shall have power, ·after the expiration of the term, to vacate or modify it" for the causes therein prescribed. One of the grounds is for fraud practiced in obtaining it. If the chancery court can vacate the judgment in the circuit court, we see no reason why the same court cannot grant a new trial when, in the opinion of the chancellor, the party is entitled to it, and the result would be, if this practice was allowed, a continual legal warfare between the circuit judge and the chancellor.

The Civil Code provides that "a judgment rendered in the circuit court may be reversed, vacated, or modified, either by it or by the Court of Appeals." So we think it mani-fest that the chancellor had no jurisdiction to disturb this settlement made by the jury fund commissioner, and exam-ined and approved by the circuit judge; nor did he have any jurisdiction to surcharge or alter the allowance made the clerk for fees in certain cases for the same reason. The judge examines and approves both, and the allowance and settlement are conclusive until reversed by this court, or vacated or modified by the court rendering the judgment. The Code provides that where an ordinary action is improp-erly brought in equity it may be transferred, and sections 10, 11, 12, and subsections, of the Code provide the cases in which the transfer shall be made. We find no provision where the court is without any jurisdiction authorizing such a transfer; in fact, if without jurisdiction, a dismissal is inevitable. It had no jurisdiction of the subject-matter, and could as well have entertained jurisdiction to transfer the case to the Bullitt circuit court. See Farmers' Bank v.

·Collins, 13 Bush, 141, where the power of the chancellor to .interfere with a common law judgment was expressly denied.   Nor is it proper that one tribunal of like jurisdiction .should be permitted to supervise and correct the judgments rendered by another.   It would lead to confusion as well .as originate much vexatious and annoying litigation.   The legislature, however, has, by an act passed and approved in .April, 1880, authorized such allowances and settlements to .be contested in the Franklin circuit court, and has also said ·that such settlements shall only be *prima facie* evidence of their correctness.   This act, of course, cannot apply to judgments or settlements final at the passage of the act.   We must affirm each of the judgments herein upon the sole ground of want of jurisdiction, the other questions not .being considered.

Judgment affirmed in each case.